IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK ARTHUR TABBERT,

                Plaintiff,

  v.

GREEN BAY MEDICAL STAFF,

                Defendants.

OPINION and ORDER

20-cv-128-jdp

---

      Plaintiff Derek Arthur Tabbert, appearing pro se, is an inmate at Green Bay Correctional Institution. Tabbert alleges that defendant prison officials are refusing him treatment for a serious blood clot disorder. Tabbert sought leave to proceed in forma pauperis, and the court has already concluded that he need not prepay any of the filing fee for this lawsuit. Dkt. 5.

      The next step is for me to screen Tabbert's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

      I will dismiss Tabbert's complaint because it does not name any defendants capable of being sued. Tabbert's allegations are very short: he states only that he is being refused treatment for a serious blood clot disorder. That allegation suggests that prison staff is disregarding his serious medical need, which would be enough to state a claim under the Eighth Amendment

to the United States Constitution. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment by being aware of a substantial risk of harm to prisoner and disregarding it). In the relief section of his complaint, Tabbert also says that he is suing "each defendant" for state-law theories of negligence or medical malpractice. But he does not explain who "each defendant" is. The only defendant named in his complaint is "Green Bay Medical Staff," but generally in this type of lawsuit, a plaintiff needs to name individual people who violated his rights. *See* 42 U.S.C. § 1983 (plaintiff may bring lawsuit against "every person" who violated his rights). Tabbert does not name any individuals as defendants.

Without naming a person capable of being sued, Tabbert cannot proceed on any claims. So I will dismiss his complaint, and I will give him a short time to file an amended complaint that more clearly explains his claims. This will not be as simple as merely adding names of individuals to the caption. He should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. In particular, he should briefly explain what each of the people he names as defendants did to violate his rights. If he does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, and so on, and the court has procedures by which he may make discovery requests to identify those defendants.

If Tabbert fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Derek Arthur Tabbert's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until June 2, 2020, to submit an amended complaint.

Entered May 13, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge